IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14301-CIV-MOORE

HAROLD O. CONNER, individually, and
d/b/a Mountain Top Ministries, and as
Guardian for Michael John Conner,

        Plaintiffs,
v.

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY, a foreign corporation, and NEW
JERSEY PROPERTY LIABILITY INSURANCE
GUARANTY ASSOCIATION, a foreign entity,

        Defendants.
_____/

## ORDER GRANTING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiffs' Motion for Partial Summary Judgment (dkt # 43). Defendant filed a Response in Opposition (dkt # 63). A Reply (dkt # 64) was also filed.

UPON CONSIDERATION of the Motion, Response, Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.  Background**

Harold O. Conner ("HC") is a natural person, but also does business as Mountain Top Ministries ("MTM"). HC also serves as the guardian of Michael John Conner ("MC"). HC and MTM ("Plaintiffs") filed an Amended Complaint (dkt # 68) for Declaratory Judgment against Pennsylvania National Mutual Casualty Insurance Company ("Penn") and New Jersey Property Liability Insurance Guaranty Association ("NJPLIGA"). Plaintiffs ask this Court to determine the existence, terms, parties, rights, and responsibilities of an alleged contract between Plaintiffs

and Defendants.

The facts giving rise to this present cause of action are as follows: On August 13, 1986, MC was struck by an automobile and sustained serious injuries, including head trauma. See Pl. Mot. (dkt # 43) Ex. A. at 1. MC underwent an intense recovery period, but he was able to regain his ability to talk, feed himself, and walk short distances. Id. During his recovery, however, he suffered a seizure, which left him in a permanent vegetative state. Id. MC currently is, and has been since 1989, totally dependent upon the care of others. In order to better care for MC, HC founded MTM to organize and provide care for MC.

In the Summer of 2003, Plaintiffs requested statutorily binding arbitration before the New Jersey No Fault Claims Tribunal to settle a dispute Plaintiffs had with the New Jersey Automobile Full Insurance Underwriting Association ("NJAFIUA")[1] regarding the proper per diem amount needed to care for MC. See Pl. St. (dkt # 44) at 1. In the course of the arbitration proceeding, four separate oral hearings were held. On December 1, 2003, the tribunal entered an Arbitrator's Award that provided Plaintiffs $1,342.04 per day for the care of MC. See Pl. Mot. (dkt # 43) Ex. A. at 7. Neither party appealed the Arbitration award. See Pl. St. (dkt # 44) at 2.

The Arbitrator's Award also required Plaintiffs to provide an annual itemized accounting of all the expenditures required for MC to the Defendants. See Pl. Mot. (dkt # 39) Ex. A. at 6. Plaintiffs failed to comply with the annual accounting requirement; consequently, Defendants filed suit in New Jersey Superior Court and obtained a judgment requiring Plaintiffs to comply. Id at Ex. C. at 1. Defendants also filed a Petition to Enforce the New Jersey order requiring compliance in the Circuit Court for Highlands County, Florida. Id. at Ex. D. at 1. On February

---

[1] NJAFIUA was the predecessor to Defendant NJPLIGA.

22, 2006, the Highlands County Circuit Court entered an order requiring Plaintiffs to comply with the New Jersey Superior Court Order. Id. at Ex. E. at 1-3. The Highlands County Circuit Court Order enforced the previous New Jersey order as well as the underlying Arbitrator's Award. Id. Neither party appealed the Highland County Circuit Court's Order.

Plaintiffs' suit seeks Declaratory Judgment to determine whether a contract or contracts exists with Defendants and if so, what the terms, parties, rights and responsibilities of those contracts are. As evidence of the "contract" or "contracts" Plaintiffs cite to five letters and the Arbitrator's Order. In this Motion for Partial Summary Judgment, Plaintiffs ask this Court to determine whether the 2003 Arbitration Award is binding upon the Parties.

## II.     Standard of Review

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However,

the nonmoving party:

> may not rely merely on allegations or denials in its own pleading; rather, its response–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III.   Discussion

Plaintiffs request that this Court mandate that the New Jersey Arbitration Award's findings of fact and conclusions of law are binding upon the parties. Defendants stipulate that the 2003 Arbitration Award remains binding on the parties. See D. Resp. (dkt # 63) at 19 ("Defendants agree that arbitral awards should be given binding effect. Specifically, Defendants agree that the determination of the appropriate *per diem* amount and Defendants' right to an accounting be considered binding on the Parties to the present litigation"). Based upon the Parties' stipulation and agreement, the 2003 Arbitration Award remains valid and enforceable as to both Parties.

The 2003 Award, however, only establishes the proper *per diem* amount required to maintain MC's care as well as Defendants obligation to provide an annual accounting. The ten page Award's entire thrust and analysis focuses on the correct amount of funds needed to properly care for MC. The Arbitrator's determination and award of a $1,342.04 per diem does presuppose that Defendants or their predecessor in interest were paying these funds pursuant to some agreement, order, or possibly even a contract, but that is not clear from the award itself or the documentation Plaintiffs submitted. Further, genuine issues of material fact remain as to the

4

existence of an underlying contract between the Parties, which would preclude summary judgment as to this issue, as well.

Therefore, as Plaintiffs, in their partial motion for summary judgment, requested that this Court determine whether the New Jersey Arbitration Award of December 1st, 2003 is binding on the Parties, this Court so finds.

### IV.  Conclusion

For the forgoing reasons, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for Partial Summary Judgment (dkt # 43) is GRANTED IN PART. The New Jersey Arbitration Award of December 1st, 2003 is binding on the Parties, but this Award, in light of the current pleadings, does not establish the existence of a contract.

DONE AND ORDERED in Chambers at Miami, Florida, this /5th day of May, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   U.S. Magistrate Judge Frank J. Lynch, Jr.

All Counsel of Record

5