IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14301-CIV-MOORE

HAROLD O. CONNER, individually, and
d/b/a Mountain Top Ministries, and as
Guardian for Michael John Conner,

        Plaintiff,

v.

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY, a foreign corporation, and NEW
JERSEY PROPERTY LIABILITY INSURANCE
GUARANTY ASSOCIATION, a foreign entity,

        Defendants.
_____/

## ORDER DENYING MOTION TO PROCEED *PRO SE*

THIS CAUSE came before the Court upon Plaintiff Harold Conner's Motion to Proceed *Pro Se* (dkt # 94). A Response (dkt # 95) and Reply (dkt # 96) were also filed.

UPON CONSIDERATION of the motion, response, reply and being otherwise fully advised in the premises, the Court enters the following order:

There is no constitutional right to self-representation in a civil case, but Title 28 U.S.C. § 1654 provides that "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Eleventh Circuit discussed the right to self-representation in Reshard and held "the right to proceed *pro se* under 28 U.S.C. § 1654 is a fundamental statutory right that is afforded the highest degree of protection." Reshard v. Britt, 819 F.2d 1573, 1579 (11th Cir. 1987) (vacated en banc). This right of self-representation, however, only exists for the *pro se* plaintiff and does include the right to represent others on a *pro se* basis. See Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008); see also Charest v. Williams, 2008 WL 686621 (M.D. Ala., 2008). (A *pro se* litigant may not litigate the claims of

others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"). Further, a plaintiff may not proceed *pro se* if the suit is actually brought on behalf of a real party in interest. Id. In addition, a corporation must always be represented by counsel. Southwest Express Co., v. Interstate Commerce Commission, 670 F.2d 53, 55 (5th Cir. 1982).

Plaintiff states that he brings this action on his own personal behalf to determine the existence of a contract between himself and Defendants. See Amd. Compl. (dkt # 68). Plaintiff's incapacitated son, Michael John Conner, however, remains the real party in interest. The alleged underlying contract Plaintiff seeks to establish exists for the benefit of Michael John Conner. As Plaintiff himself states, "[u]nder the Parties' agreement(s), the Plaintiff was to arrange for all care, including all medical care, for Michael John Conner, an incapacitated person." Amd. Compl. (dkt # 68) at ¶ 20. Establishment of any type of agreement would in fact principally serve to benefit Michael John Conner, not Plaintiff Harold Conner, which makes Michael John Conner the real party in interest. Further, Plaintiff, who is the court appointed guardian of Michael John Conner, even styled his action "Harold O. Conner. . . and as Guardian for Michael John Conner," which further evidences who this action really benefits.

Pursuant to the case law of this Circuit, Plaintiff is not permitted to act as legal counsel for his incapacitated son. Devine v. Indian River County School Board, 121 F.3d 576, 581 (11th Cir. 1997) (finding that even where a parent has a statutory right to sue that right to sue does not equate to a right to act as counsel); see also Sarhan v. Rothenberg, 2008 WL 2474645 (S.D. Fla. 2008) (stating "it goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.") (quoting Mann v. Boatright, 477 F.3d 1140, 1150 (10th Cir. 2007). The Eleventh Circuit prevents parents from

bringing actions on behalf of their children who are unable to bring their own claims because requiring real legal representation "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." Devine v. Indian River County School Board, 121 F.3d 576, 582 (11th Cir. 1997). Under this same reasoning, this Court cannot permit Plaintiff, an unskilled attorney, to represent the interests of Michael John Conner. Plaintiff's lack of legal ability will hinder his ability to litigate this cause of action and the determination of whether any agreements exist will directly affect Michael John Conner as the real party in interest. Plaintiff's cause of action may both be labeled an individual and guardianship action, but in fact the determination of any agreement would be pursued for the benefit of Michael John Conner. As other circuits have found, allowing a non-attorney guardian to bring a suit for the benefit of the ward invites abuse and potential for erosion of an incompetent person's rights. See Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990). If Plaintiff was unsuccessful in his attempt to establish the existence of any agreements, this could preclude counsel acting directly on behalf of Michael John Conner from bringing a subsequent action to enforce his rights. Consequently, Plaintiff is prohibited from pursuing this action *pro se*. Therefore, It is

ORDERED AND ADJUDGED that Plaintiff's Motion to Proceed *Pro Se* (dkt # 94) is DENIED. Plaintiff has until on or before August 11, 2008 to obtain counsel personally or through Michael John Conner. Failure to obtain counsel will result in dismissal of Plaintiff's action.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of July, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record