UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14301-CIV-MOORE/LYNCH

HAROLD O. CONNER, individually and
d/b/a MOUNTAIN TOP MINISTRIES, and
as Guardian of MICHAEL JOHN CONNER,

     Plaintiff,

v.

PENNSYLVANIA NAT'L MUTUAL CASUALTY
INS. CO. AND NEW JERSEY PROPERTY-
LIABILITY INS. GUARANTY ASS'N,

     Defendants.

_____/



FILED by _____ D.C.

FEB 2 6 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON
## MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH SETTLEMENT AGREEMENT
## AND MOTION TO IMPOSE SANCTIONS FOR FAILURE TO COMPLY (DE 184)

**THIS CAUSE** comes before this Court upon the above Motion and

an Order of Reference. Having reviewed the Motion and Response,

noting that no Reply was filed, this Court recommends as follows:

    1.   On November 4, 2008 the Plaintiff filed his Notice of

Settlement and Probate Court Approval. The parties had reached a

settlement at an October 24th, 2008 mediation, the terms of which

are memorialized in the mediation's transcription. Shortly

thereafter, on November 18th, the Defendants, through their New

Jersey attorney, John Burke, wrote Plaintiff's counsel. Mr. Burke

wrote an addendum to the transcription to express more precisely

certain settlement terms, which he proposed to the Plaintiff. The

Plaintiff refused to sign it, prompting the Defendants to file

their Motion for Clarification on November 23rd. The District
Court denied their Motion.

   2.   The Plaintiff objects to the Defendants' course of
action following the settlement. First, the Plaintiff emphasizes
that the parties did not contemplate during settlement
negotiations the execution of such an addendum. Primarily, though,
the Plaintiff seeks to compel the prompt payment of the settlement
amount. The Plaintiff states that under the terms of their
agreement, payment was due on November 24, 2008. However, as the
Plaintiff avers in his Second Supplement, "Plaintiff's counsel
received the wire transfer in the amount of 2.5 million dollars on
November 26, 2008." Plaintiff calculates that he is due $753.42 at
"the statutory rate of 11%" for each of the two days' delay. (The
Plaintiff does not state what statutory rate he applied.) To this,
the Plaintiff seeks an additional five days' interest since his
counsel did not receive notification of the wire transfer until
December 1, 2008. Together this totals $5,273.94 in interest on
top of the settlement amount.

   3.   The Plaintiff also seeks sanctions against the
Defendants for failing to comply with the settlement agreement.
The implication of the Plaintiff's request is that the Defendants
acted in bad faith, but he proffers no evidence of such. To the
contrary, this Court sees nothing patently unreasonable to the
Defendants' request to re-state certain portions of the
negotiation's transcription in more specific language. Once the

District Court denied their Motion for Clarification (which the Defendants filed after first inquiring of the Plaintiff directly), the Defendants quickly made payment.

4.    In any event the Defendants did not pay the settlement amount by the November 24th deadline, and technically this was a breach of the agreement. Applying the interest rate under 28 U.S.C. § 1961, the Defendants calculate that they owe the Plaintiff $131.15 in two days' interest. In light of the clear basis for the Defendants' calculation and the lack of reply by the Plaintiff in opposition, this Court finds this to be reasonable compensation for the delayed payment.

5.    However this Court sees no grounds warranting an additional five days' interest payment. The Defendants wired the funds to the Plaintiff's counsel on November 26th. The Plaintiff points to no terms of their settlement agreement specifying that payment to the Plaintiff from his counsel's account was due on November 24th or that the Defendants even had any control over the subsequent transfer. Moreover, as the Defendants point out, the banks were open on November 28th, and consequently there was no need for the Plaintiff to wait until December 1st.

6.    Lastly the Plaintiff objects to Mr. Burke's involvement since he is not a member of the Florida Bar. The Plaintiff alleges only that Mr. Burke sent his counsel a letter regarding execution of the proposed addendum. The Plaintiff raises no argument demonstrating how this constitutes the practice of law without a

license or is otherwise sanctionable. In the absence of any such argument and in the absence of any patent wrongdoing, this Court denies the Plaintiff's sanctions request.

**ACCORDINGLY,** this Court recommends that the Plaintiff's Motion to Compel Defendants' Compliance with Settlement Agreement be **DENIED** as moot. The Plaintiff points to no instances of non-compliance other than the two days' delay in payment, which he now has received. This Court recommends further that the Plaintiff's Motion to Impose Sanctions for Failure to Comply with Settlement be **GRANTED, in part,** only insofar as the Defendants should pay the Plaintiff $131.15 in interest. The Plaintiff's request for sanctions and for attorney fees should be **DENIED** in the absence of any demonstrated wrongdoing.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 26th day of February, 2009.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. K. Michael Moore
      James F. McCollum, Esq.
      Sarah D. Schooley, Esq.